## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

JEFFERY L. CRAWFORD,
Reg. #35243-044                                                    PLAINTIFF

V.                              2:12CV00224 SWW/JTR

NADER PEIKAR, Doctor,
FCI-FC, et al.                                                     DEFENDANTS


## <u>ORDER</u>

Plaintiff, Jeffery Crawford, has filed a Motion for a Change of Venue asking that this case be transferred to the Jonesboro Division of the Eastern District of Arkansas because: (1) venue is proper in that division; (2) a trial in Jonesboro would be more convenient for the parties; and (3) this Court is biased against him.

As to the first argument, 28 U.S.C. §1406(a) provides that, when a case has been filed in the wrong division, a court may transfer it to a division where venue is proper.  Venue is proper in a division where any of the defendants reside or where a substantial part of the events giving rise to the lawsuit occurred.  28 U.S.C. § 1391(b). The events in this case occurred at the federal prison in Forrest City, Arkansas, and it appears that all of the Defendants reside in that city.  Forrest City is located in the Helena Division of the Eastern District of Arkansas.  Thus, venue is proper in that division.

As to the second argument, 28 U.S.C. § 1404(a) provides that, for "the convenience of the parties and witnesses," a court may transfer a case to any division "where it might have been brought" or to any division "to which all the parties have consented."  Defendants have not consented to transferring this case to the Jonesboro Division.  Further, it does not appear that any of the parties or witnesses reside in the Jonesboro Division.  Similarly, none of the allegations raised in the Complaint occurred in the Jonesboro Division. Thus, a transfer to that Division, without Defendant's consent, is not appropriate.

Finally, Plaintiff mistakenly believes that a transfer to the Jonesboro Division will result in new judges being assigned to this case.  Judges in the Eastern District of Arkansas are randomly assigned to cases in all five Divisions.  Thus, even if this case were transferred to another division, it would have no effect on the judges who have been assigned to this action.

More importantly, the judges assigned to this case are not biased or prejudiced against Plaintiff.  Plaintiff claims that they are because they have not entered an order requiring initial disclosures.  Federal Rule of Civil Procedure 26(a)(1)(B)(iv) provides that prisoner actions are exempt from initial disclosures.  Thus, Plaintiff must use the discovery tools mentioned in Fed. R. Civ. P. 33, 34, 36, and 37 to obtain the relevant information he needs to proceed with this case.

Plaintiff also contends that the undersigned Judge is biased against him because his requests for appointment of counsel and for a preliminary injunction have been denied.  Those rulings were based on an impartial application of the law to the facts presented in Plaintiff's cases.  *See Am. Prairie Constr. Co. v. Hoich*, 594 F.3d 1015, 1021-22 (8th Cir. 2010) (explaining that unfavorable rulings "do not constitute a basis for a bias or partiality"). Further, there is nothing that prevents this Court from being fair, unbiased, and impartial in deciding issues raised in this case.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for a Change of Venue (Doc. #69) is DENIED.

Dated this 3rd day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE