**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

JEFFERY L. CRAWFORD,
Reg. #35243-044                                                                                           PLAINTIFF

V.                              2:12CV00224 SWW/JTR

NADER PEIKAR, Doctor,
FCI-FC, et al.                                                                                              DEFENDANTS

### ORDER

Plaintiff, Jeffery L. Crawford, is a federal prisoner proceeding *pro se* in this *Bivens* action. He has recently filed two nondispositive pleadings, which the Court will address separately.

### I. Motion to Strike Interrogatories from the Record

Plaintiff has filed a "Motion to Strike Interrogatories from the Record." *Doc. 95.* In that Motion, Plaintiff seeks permission to withdraw certain portions of his previously drafted interrogatories to Defendants. Plaintiff does not need to obtain permission from the Court to do so. As previously explained in the September 13, 2013 Order, all discovery requests, responses, and revisions *must be mailed directly to Defendants' attorney – and not filed with the Court. Doc. 79;* Fed. R. Civ. P. 5(d). Thus, the Motion to Strike Interrogatories from the Record is denied.

## II. Response to November 12, 2013 Order

On November 12, 2013, the Court entered an Order denying Plaintiff's Motions to Compel and his Motion for Discovery. *Docs. 83, 85, 86, & 92.* On December 2, 2103, Plaintiff filed a disjointed and confusing Response to that Order. In the Response, Plaintiff asks the Court to issue a "writ of mandamus" requiring the U.S. Attorney to make initial disclosures pursuant to Fed. R. Civ. P. 26. However, *both parties* in this *pro se* prisoner actions are exempt from doing so. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). Instead, Plaintiff must obtain relevant information by mailing interrogatories, requests for production of documents, and requests for admission *directly to Defendants' attorney. See* Fed. R. Civ. P. 33, 34, & 36.

Plaintiff also makes the bizarre allegation that he has obtained or is entitled to a default judgment. At the beginning of this lawsuit, the Court granted Defendants an extension, until May 20, 2013, to file their Answer or responsive pleading. *Doc. 35.* On May 20, 2013, separate Defendants Rios and Resto-Rivera timely filed a Motion to Dismiss (which is a responsive pleading), and that Motion was granted. *Docs. 50 & 61.* The remaining Defendants timely filed their Answer on May 20, 2013. *Doc. 52.* Thus, Plaintiff has not been granted, nor is he entitled to, a default judgment against any of the Defendants.

Finally, it appears that Plaintiff is asking the Court to appoint a medical expert

to conduct a "comprehensive" neurological exam and testify on Plaintiff's behalf. The *in forma pauperis* statute does not authorize the payment of Plaintiff's discovery costs or witness fees by Defendants or the Court. *See* 28 U.S.C. § 1915(d) and (f); *U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984); *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074 (8th Cir. 1980). According that request is denied.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Strike Interrogatories from the Record (Doc. 95) is DENIED.

2. All of the requests made in Plaintiff's Response to the November 12, 2013 Order (Doc. 96) are DENIED.

Dated this 15th day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE